UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IBN HAQQ,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>MARGARET MIMS, et al.,<br><br>　　　　Defendants. | 1:20-cv-01547-NONE-GSA (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR FAILURE TO OBEY COURT ORDER**<br>**(ECF No. 3.)**<br><br>**OBJECTIONS, IF ANY, DUE IN FOURTEEN (14) DAYS**<br><br>**ORDER FOR CLERK TO SEND PLAINTIFF AN APPLICATION TO PROCEED IN FORMA PAUPERIS** |

　　　Ibn Haqq ("Plaintiff") is a Fresno County Jail inmate proceeding *pro se* with this civil rights action under 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on November 2, 2020.  (ECF No. 1.)

　　　On November 5, 2020, the Court issued an order requiring Plaintiff to either submit an application to proceed *in forma pauperis*, or pay the $400.00 filing fee for this action in full, within thirty days.  (ECF No. 3.)  On November 30, 2020, Plaintiff filed a motion for a thirty-day extension of time, which was granted by the court on January 4, 2021.  (ECF Nos. 6, 7.)

The thirty-day time period has now expired and Plaintiff has not submitted an application to proceed *in forma pauperis*, paid the filing fee, or otherwise responded to the Court's order.

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id.  (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since November 2, 2020.  Plaintiff's failure to respond to the Court's order may reflect Plaintiff's disinterest in prosecuting this case or inability to pay the filing fee. In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not or cannot resolve payment of the filing fee for his lawsuit.  Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to resolve payment of the filing fee for this action that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Monetary sanctions in this circumstance are of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available.  However, inasmuch as the dismissal being considered in this case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal.  Id. at 643.

Accordingly, the Court **HEREBY RECOMMENDS** that this action be dismissed based on Plaintiff's failure to obey the Court's order issued on November 5, 2020.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court.[1]  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 20, 2021**                              **/s/ Gary S. Austin**
                                                                      UNITED STATES MAGISTRATE JUDGE

---

[1] Instead of filing objections, Plaintiff may complete and submit the enclosed application to proceed *in forma pauperis* or pay the filing fee, which will enable this case to go forward.