UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IBN HAQQ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARGARET MIMS, et al.,<br><br>　　　　　Defendants. | No. 1:20-cv-01547 JLT GSA (PC)<br><br>FINDINGS AND RECOMMENDATIONS<br><br>ORDER RECOMMENDING THIS MATTER BE DISMISSED FOR FAILURE TO OBEY A COURT ORDER AND FOR FAILURE TO PROSECUTE<br><br>(ECF No. 29)<br><br>PLAINTIFF'S OBJECTIONS DUE IN FOURTEEN DAYS |

　　　Plaintiff, a county jail inmate proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. Plaintiff has paid the filing fee. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　For the reasons stated below, the undersigned will recommend that this matter be dismissed for failure to obey a court order and for failure to prosecute. Plaintiff will be given fourteen days to file objections to this order.

　　　I.　　RELEVANT FACTS

　　　On June 28, 2024, Plaintiff's first amended complaint was screened, and he was granted leave to file an amended complaint. ECF No. 22. Thereafter, on September 10, 2024, Plaintiff's second amended complaint ("SAC") was docketed. ECF No. 27.

On April 9, 2025, Plaintiff's second amended complaint ("SAC") was screened, the Court found that it stated actionable claims against Defendants. See ECF No. 28 at 6-7 (screening order). As a result, Plaintiff was simultaneously sent USM-285 forms and he was ordered to complete and return them to the Court so that Defendants could be served. ECF No. 29 (order regarding USM-285 forms). He was given thirty days to do so. Id. at 2.

On May 23, 2025, the Court's screening order as well as its order directing Plaintiff to complete and return the service forms were returned to it marked "Undeliverable, Return to Sender, Not in Custody, Unable to Forward, Open in Front of Inmate." See 5/23/25 docket entry. To date, Plaintiff has not filed a notice of current address with the Court as required, nor requested an extension of time to do so, nor responded to the Court's order to return the service forms.

## II.   APPLICABLE LAW

### A.   Federal Rule of Civil Procedure 41(b) and Local Rules 110, 182(f) and 183(b)

Federal Rule of Civil Procedure 41 permits this Court to dismiss a matter if a plaintiff fails to prosecute or he fails to comply with a court order. See Fed. R. Civ. P. 41(b). Local Rule 110 also permits the imposition of sanctions when a party fails to comply with a court order. L.R. 110.

Local Rule 182(f) permits service to be effective service at a prior address if a party fails to notify the Court and other parties of his address change. Id. Finally, Local Rule 183(b) gives a party who appears in propria persona a period of time to file a notice of change of address if some of his mail is returned to the Court. Id.

### B.   Malone Factors

The Ninth Circuit has clearly identified the factors to consider when dismissing a case for failure to comply with a court order. It writes:

> A district court must weigh five factors in determining whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

2

Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (quoting Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829 (9th Cir. 1986) (per curiam)).

III. DISCUSSION

    A. Rule 41(b) and Local Rules 110, 182(f) and 183(b) Support Dismissal of This Case

Although the docket indicates that: (1) the Court's screening order and order directing Plaintiff to submit service documents were returned marked "Undeliverable, Return to Sender, Not in Custody, Unable to Forward," etc., Plaintiff was properly served. It is a plaintiff's responsibility to keep a court apprised of his current address at all times. Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective. Furthermore, given that Plaintiff failed to provide a forwarding address either to the jail or to the Court before he was released supports a finding that Plaintiff has likely abandoned this case. This warrants its dismissal in accord with Rule 41(b) and Local Rules 110, 182(f), and 183(b).

    B. Application of Malone Factors Supports the Dismissal of This Case

        1. Expeditious Resolution of Litigation; Court's Need to Manage Its Docket

Plaintiff has been given sufficient time to file a notice of change of address as well as to respond to the Court's order that directed him to complete and return the service documents. Despite this fact, he has failed to do either, nor has he contacted the Court to provide exceptional reasons for not having done so.

The Eastern District Court has an unusually large caseload.[1] "[T]he goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of frivolous and repetitious requests." Whitaker v. Superior Court of San

---

[1] The Eastern District of California carries one of the largest and most heavily weighted caseloads in the nation. See Office of the Clerk, United States District Court, Eastern District of California, 2024 Annual Report, "Weighted Filings," p. 35 (2024) ("[O]ur weighted caseload far exceeds the national average . . . ranking us fourth in the nation and first in the Ninth Circuit."). This problem is compounded by a shortage of jurists to review its pending matters. See generally id. (stating 2024 Biennial Judgeship Survey recommended request for four additional permanent judgeships for Eastern District of California).

3

1  Francisco, 514 U.S. 208, 210 (1994) (brackets added) (citation omitted).  Thus, it follows that
2  keeping this case on the Court's docket when Plaintiff has not attempted to provide a forwarding
3  address either to the jail where he had been incarcerated or to this Court, is not a good use of its
4  already taxed resources.  Indeed, keeping this matter on the Court's docket would stall a quicker
5  disposition of this case.  Additionally, in fairness to the many other litigants who currently have
6  cases before the Court, no additional time should be spent on this matter.

### 2. Risk of Prejudice to Defendants

8  Furthermore, because the Defendants against whom Plaintiff has stated viable claims have
9  yet to be served in this case, no one has put time and effort into defending against it.  As a result,
10  there will be no prejudice to anyone other than Plaintiff if the matter is dismissed.  On the
11  contrary, dismissal will benefit those Defendants because they will not have to defend themselves
12  against Plaintiff's complaint.

### 3. Availability of Less Drastic Sanctions; Favored Disposition of Cases on Merits

15  Finally, given that Plaintiff has had sufficient time under the Local Rules to file a change
16  of address[2] with the Court, as well as to comply with the Court's order to complete and return the
17  service documents to it, there is no less drastic option than dismissal.  Although the disposition of
18  cases on their merits is preferred, this matter cannot be prosecuted without participation by
19  Plaintiff, nor can it be disposed of on its merits.

### IV.   CONCLUSION

21  For these reasons, consistent with Federal Rule of Civil Procedure 41(b) and Local Rules
22  110, 182(f) and 183(b), and having considered the Malone factors, the undersigned recommends
23  that this matter be dismissed without prejudice for failure to obey a court order and for failure to
24  prosecute.[3]  See id.  Plaintiff will have fourteen days to file objections to this order.  However,
25  should this order be returned to the Court marked "undeliverable" before the end of the fourteen-

---

[2] In 2025, the period that a litigant appearing in propria person has to file a notice of change of address was reduced from sixty-three days to thirty days.  See Local Rule 183(b).

[3] A failure to timely notify the Court of a change of address permits the Court to dismiss the matter for failure to prosecute.  See Local Rule 183(b).

1 day period, the District Judge who is assigned to this matter may dismiss it immediately.

2 Accordingly, IT IS HEREBY RECOMMENDED that this matter be DISMISSED without

3 prejudice for failure to prosecute and for failure to obey a court order. See Fed. R. Civ. P. 41(b)

4 and Local Rules 110, 182(f) and 183(b).

5 These findings and recommendations are submitted to the United States District Judge

6 assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

7 after being served with these findings and recommendations, Plaintiff may file written objections

8 with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

9 and Recommendations," and it shall not exceed fifteen pages.

10 The Court will not consider exhibits attached to the objections.  To the extent that Plaintiff

11 wishes to refer to any exhibit, when possible, Plaintiff must reference the exhibit in the record by

12 its CM/ECF document and page number or reference the exhibit with specificity.  Any pages filed

13 in excess of the fifteen-page limit may be disregarded by the District Judge when conducting the

14 28 U.S.C. § 636(b)(l)(C) review of the findings and recommendations.  Plaintiff's failure to file

15 objections within the specified time may result in the waiver of certain rights on appeal.  See

16 Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014); Martinez v. Ylst, 951 F.2d 1153 (9th

17 Cir. 1991).

18

19 IT IS SO ORDERED.

20 Dated:   **July 4, 2025**                    **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE

5